IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MAURICE BLACKSHEAR**                                                          **PETITIONER**

v.                                                                          **NO. 3:16CV293-CWR-LRA**

**LAUDERDALE COUNTY CIRCUIT COURT and
SHERIFF WILLIAM D. SOLLIE**                                **RESPONDENTS**

## MOTION TO DISMISS

**COME NOW** the respondents in the above-styled and numbered cause and respectfully move this Court to dismiss this cause, and in support thereof would show unto the Court the following:

I.

Maurice Blackshear filed the instant petition for writ of habeas corpus challenging his pretrial detention on charge of burglary of a dwelling in the Lauderdale County Circuit Court. Petitioner stated therein that he was arrested on the burglary charge on June 29, 2015, and that he had not been indicted as of the date of his habeas petition in April 2016.[1] Blackshear added that he had not requested a speedy trial. However, rather than seek to be brought to trial in his habeas petition, Blackshear requested "immediate

---

[1] The records of the Lauderdale County Jail confirm that, after Blackshear's arrest, he was given a preliminary hearing on June 29, 2015, where his bond was set. At the time he filed his habeas petition, Blackshear was not only in custody on the original burglary charge, but had also been charged with two (2) additional felonies in the Lauderdale County Circuit Court. Specifically, Blackshear was charged with simple assault on a police officer in Cause No. 286-16 and arson in Cause No. 405-16.

release and dismissal on all charges . . . ." ECF Doc. 1, p. 2.

II.

However, since filing his petition, Blackshear has entered a plea of guilty to the burglary that is the subject of his federal habeas petition. On August 11, 2016, Blackshear signed a waiver of indictment and a "Petition to Enter a Plea of Guilty" in Lauderdale County Circuit Court Cause No. 406-16. *See* **Exhibit A**. By Order filed that same day, Blackshear was sentenced to serve a term of "Twenty (20) years with the Mississippi Department of Corrections with Nineteen (19) years and 365 days suspended to be followed by Five (5) years to serve on post-release supervision," said sentence to run consecutively to the sentence imposed in Cause No. 405-16. *See* **Exhibit B**. The petitioner was given credit for one (1) day of time served. *Id.*

That same day, Blackshear also signed a waiver of indictment and "Petition to Enter Plea of Guilty" for Arson 2nd Degree in Lauderdale County Circuit Court Cause No. 405-16. *See* **Exhibit C**. By Order filed that same day, Blackshear was sentenced to serve a term of "[e]ight (8) years in the custody of the Mississippi Department of Corrections without the possibility of such sentence being reduced or suspended nor to be eligible for early release pursuant to MCA 99-19-81, CONSECUTIVE to Cause No. 406-16." *See* **Exhibit D**. Moreover, petitioner was credited for 410 days of pretrial incarceration (June 29, 2015 to August 10, 2016). *Id.* An Order of Nolle Prosequi was filed in Lauderdale County Circuit Court Cause No. 286-16 (simple assault on a police officer) as a result of

Blackshear's pleas to the other two (2) charges. *See* **Exhibit E**.

III.

Respondents submit that once Blackshear entered pleas of guilty to burglary of a dwelling and arson, he waived all non-jurisdictional defects in the proceedings preceding that plea. *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir. 1984); *Barnes v. Lynaugh,* 817 F.2d 336, 338 (5th Cir. 1987). In *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992), the Court summarized the law in this specific area as follows:

> In the Fifth Circuit, a speedy trial violation is a non-jurisdictional defect waived by a guilty plea. *See United States v. Broussard*, 645 F.2d 504, 505 (5th Cir. 1981)) ("The entry of a knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceeding. This disposes of the speedy trial claim."); *accord United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) ("A defendant's guilty plea waives all non-jurisdictional defect claims. The right to a speedy trial under the Speedy Trial Act is non-jurisdictional.") [citations omitted].

Accordingly, the relief sought by Blackshear in the instant case was waived upon entry of the guilty plea. *See Yohey v. Collins,* 985 F.2d 222, 228-229 (5th Cir. 1993); *Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir. 1988). Therefore, respondents respectfully request that this Court dismiss Blackshear's federal petition as moot.

**WHEREFORE, PREMISES CONSIDERED**, respondents respectfully move this Court to dismiss the instant cause as moot in light of Blackshear's plea of guilty and resulting sentence in the Lauderdale County Circuit Court. Respondents further move this Court to dispense with the necessity of filing a brief in support of the motion as the motion is self-explanatory.

Respectfully submitted this 22nd day of August, 2016,

**JIM HOOD**
**ATTORNEY GENERAL OF MISSISSIPPI**

**JERROLYN M. OWENS**
**SPECIAL ASSISTANT ATTORNEY GENERAL**

**FRANCES P. CROFT**
**SPECIAL ASSISTANT ATTORNEY GENERAL**

**LESLEY G. MILLER**
**SPECIAL ASSISTANT ATTORNEY GENERAL**


BY: **s/JERROLYN M. OWENS**
     Miss. Bar No. 9983

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone:  (601) 359-3880
Telefax:      (601) 359-3796
Email: jowen@ago.state.ms.us

## CERTIFICATE OF SERVICE

This is to certify that I, Jerrolyn M. Owens, Special Assistant Attorney General for the State of Mississippi, have, on this date, electronically filed the foregoing **Motion To Dismiss** with the Clerk of the Court using the ECF system which sent notification of such filing to the following: United States District Judge Carlton W. Reeves and United States Magistrate Judge Linda R. Anderson. I further certify that I have, on this date, mailed via United States Postal Service, first-class postage prepaid, a true and correct copy of the foregoing **Motion To Dismiss** to the following:

> Maurice Blackshear, #L3820
> Lauderdale County Jail
> 2001 5th Street
> Meridian, Mississippi 39301

This, the 22nd day of August, 2016.

>                             s/JERROLYN M. OWENS
>                             Miss. Bar No. 9983

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone:  (601) 359-3880
Telefax:       (601) 359-3796
Email: jowen@ago.state.ms.us